UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FABER AUGUSTO RAMIREZ ARROYAVE,

        Petitioner,

        v.

CIVIL ACTION

NO. 03-12511-JLT

JOSEPH F. McDONOUGH and STEVEN J. FARQUHARSON,
        Respondents.

O R D E R

TAURO, D. J.

For the reasons stated below, this habeas petition will be dismissed without prejudice.

BACKGROUND

On December 15, 2003, petitioner Faber Arroyave, an immigration detainee currently confined at Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Arroyave, a native of Colombia, states that he has been detained since June 19, 2003, and that despite his cooperation in the removal process, no date has been set for his removal. On December 16, 2003, the Bureau of Immigration and Customs Enforcement ("BICE") filed a notice stating that petitioner is scheduled to be removed on January 2, 2004 and moved to dismiss the petition.

ANALYSIS

Although Arroyave brings this petition under Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4 of the Rules Governing Section 2254 proceedings, a court may (1) summarily

dismiss a petition that lacks merit; (2) order the respondent to file an answer or another pleading; or (3) take such other action deemed appropriate.  Rule 4; accord McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994) (petition for a writ of habeas corpus may be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that after a reasonable post-removal period of 6-months, if an alien provides good reason to believe that there is no significant likelihood off removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  Zadvydas, 533 U.S. at 701.  Petitioner does not appear to object to his removal and merely challenges his current detention.

As an initial matter, at the time that petitioner filed this petition, he had not yet been detained for six-months, a defect that some courts have held in and of itself warrants summary dismissal.  See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n. 3 (11th Cir. 2002) (6-month custodial period must have elapsed prior to filing habeas petition challenging confinement under Zadvydas).[1]  Moreover, it appears that BICE intends to effect petitioner's removal shortly.  Because petitioner's removal from this country is imminent, and because his requested relief appears to be removal, the instant habeas petition will be dismissed without prejudice.  See, e.g., Ishmael v. INS, Civ. No. 03-10267-RWZ, 2003 WL 1790895, at *1 (D. Mass. Apr. 1, 2003) (denying petition); Mohseni v. INS, Civ. No. 02-86-T, 2002 WL 982384, at *1 (D. R.I. Apr. 29, 2002) (dismissing).  If the

---

[1] The Court expresses no view on Akinwale's holding that an alien's actions in preventing his removal tolls the Zadvydas six-month period.  Compare Arevalo v. Ashcroft, 260 F. Supp. 2d 347, 349-350 (D. Mass. 2003) (alien who files a stay of removal does not act to prevent removal) with Do Canto v. Ashcroft, Civ. No. 03-10547-DPW, 2003 WL 21078115, at *2 (D. Mass. May 6, 2003) (stay tolled removal period and hindered removal).

petitioner is not removed from this country within the time frame set forth by the Government, he may re-file his application for habeas relief.

SO ORDERED.

| | |
|---|---|
| <u>12/23/03</u><br>Date | <u>s/ Joseph L. Tauro</u><br>United States District Judge |

(2241servINS.wpd - 09/00)                                                                               [2241serv.]